# Churchwell *v*. The State.

*Indictment for Larceny.*

1. *Larceny; sufficiency of indictment.*—An indictment which charges the defendant with the larceny from a dwelling-house of "one trunk of the value of two dollars," sufficiently describes the property stolen, and is not subject to demurrer for insufficient description.

2. *Same; relevancy of evidence.*—On a trial under an indictment for the larceny of a trunk from the house of one T., where the evidence tended to show that the defendant and another person conspired to commit the alleged larceny, in the belief that T. had money, which was the proceeds from the sale of timber cut from her land, and T. testified that on the day of the larceny the defendant, in the presence of his co-conspirator, stated to her on their return from inspecting her land, that they had seen lots of stumps, and that she must have money, it is permissible for the State to ask T. how much timber she had sold; her answer as to the amount of timber sold being relevant as tending to show that she did have money, and that the object of the larceny was to get it.

3. *Same; same.*—In such a case, where T. testified to finding a straw hat of peculiar shape near where the stolen trunk was found, which she identified as the hat which defendant's co-conspirator wore on the night of the larceny, and another witness testified that on the morning after the larceny he had tracked parties from the house where the larceny was committed to the place where the trunk was found, and thence to a negro's smoke-house; and another witness testified to the confession made to him by the defendant, in which he stated that T. testified to the truth about the hat, that he did not wear it, but his companion did, and that he and his companion had planned the robbery, the further testimony of the witness to whom the confession was made, that the defendant also admitted that on the way back from the larceny he and his companion had taken some meat from a negro's smoke-house, and the testimony of the negro who owned the house, that on the night of the larceny some meat was taken from his smoke-house, is relevant and admissible, as tending to corroborate the confession made by the defendant and to identify him and his companion as the parties who committed the larceny.

4. *Same; impeachment of witness; charge to the jury.*—Where, on a trial under an indictment for larceny, the testimony as to defendant's presence on the night of the larceny at the house where the crime was committed, is conflicting, it is error for the court to refuse to instruct the jury, at the request of the defendant, that "If any wit-

[Churchwell v. The State.]

ness testifying has been impeached, then the jury may disregard the entire testimony of such witness, unless it be corroborated by other testimony not so impeached; and if after weighing all the testimony, and according to each part of it such weight as it is entitled, you are not convinced beyond all reasonable doubt that the defendant was present on the night of the alleged larceny, then you should find the defendant not guilty."

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. FOSTER.

The appellant was tried and convicted under the following indictment : "The grand jury of said county charge that before the finding of this indictment Webb Churchwell feloniously took and carried away from the dwelling house of Sophia Terry, one trunk of the value of two dollars, the personal property of Sophia Terry, against the peace and dignity of the State of Alabama." To this indictment the defendant demurred, upon the ground that the property alleged to have been stolen was not sufficiently described therein. This demurrer was overruled, and the defendant duly excepted.

The facts of the case and the rulings of the court upon the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked : "If any witness testifying has been impeached, then the jury may disregard the entire testimony of such witness, unless it be corroborated by other testimony not so impeached, and if after weighing all the testimony, and according to each part of it such weight as it is entitled, you are not convinced beyond all reasonable doubt that the defendant was present on the night of the alleged larceny, then you should find the defendant not guilty."

W. O. MULKEY and SOLLIE & KIRKLAND, for appellant. The demurrer to the indictment should have been sustained.—*Stollenwerck v. State*, 55 Ala. 142 ; *Chisolm v. State*, 45 Ala. 70 ; *State v. Murphy*, 6 Ala. 845.

2. The court erred in its rulings upon the evidence. *Gassenheimer v. State*, 52 Ala. 313 ; *Berney v. State*, 69 Ala. 233 ; *Fincher v. State*, 58 Ala. 215 ; *Mattison v. State*, 55 Ala. 224 ; *Whizenant v. State*, 71 Ala. 383.

3. The charges which were refused to the defendant should have been given.—*Elmore v. State*, 92 Ala. 51; *Jordan v. State*, 81 Ala. 20.

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—1. The demurrer to the indictment, on the ground that the property stolen was not sufficiently described, was properly overruled.

2. The general rule in respect to the relevancy of evidence is, that it must be confined to the points in issue. It is not unfrequently difficult to determine when a fact is too remote to aid the jury in arriving at a proper conclusion under the issues. "But it may be said generally, that all parts of one continuous transaction, though not shown to have had any immediate connection with the offense,—the culmination of all the circumstances and facts, proximate to the consummation of the crime, which tend to shed light on the main inquiry,—are admissible."—*Jordan v. The State*, 81 Ala. 20. Under this rule, most of the evidence offered by the State and allowed was admissible.

3. The evidence tended to show that defendant and one Spears conspired to and did commit the alleged larceny; that they believed Sophia Terry had money arising from the sale of timber cut from her own land. Sophia testified to the fact, that they came to her house the afternoon of the day on the night of which they are accused of stealing her trunk; that defendant said, he desired to go over her place to buy some land, and he and Spears went off together; that they came back that evening, and defendant said that they saw lots of stumps, and she, Sophia, must have some money; and Spears said, if she would let them have ten dollars in gold or silver, they would let her have twenty dollars in greenbacks. Defendant said he was the man for the greenbacks, and that Anna,—Sophia's daughter,—had told them that she had money to change up; that they had been down and counted the stumps of the timber she had sold, etc. The solicitor asked her, "How much timber she had sold?" and she replied 200 sticks, to which defendant objected as being irrelevant. This answer tended to show that she did have money; that defendant

and his associate were correct in their calculation that she had it, and to get it, was the real object of the larceny.

4. The witness for the State, Edward Bedsole, testified to a confession made to him by defendant, of facts tending to show that he committed the larceny. Sophia had testified to the finding of a straw hat, of peculiar shape, near where the trunk was found, which she identified as the hat one of the men,—not defendant,—wore the night they came and took the trunk away. Defendant, as Bedsole testified, told him that Sophia swore to the truth about the hat; that he did not wear it but Spear did; that he and Spear had planned to rob her that night. The solicitor asked the witness : ''Did he say they got anything else, on the way back from the old woman's house?'' and he said that on the way back they got some meat at a negro's house, which was divided between them and eaten. The State had shown by another witness, Byrd, that he, with others, went to Sophia's house the night the trunk was taken ; the next morning they tracked parties from Sophia's house to the woods, where they found the trunk, and followed the tracks to Wise's place, thence to Wise's smoke-house, and thence, away to the road. Will Wise testified that meat was stolen from his smoke-house that night. The defendant objected to the statement of witness Bedsole, that he and Spears, on their way from Sophia's house, got some meat from the negro's house, and also, to the statement of Wise, that the same night, he had meat stolen from him. Both were admissible as tending to corroborate the confession made by defendant, and to identify him and Spears as the parties who took the trunk. Sophia had sworn that defendant robbed her ; that she knew him, but could not positively identify the other party, as both were disguised; and defendant swore that he and Spears were not at her house on the night of the robbery.

There was no error in admitting the other portions of the State's evidence excepted to, which we deem it unnecessary to comment upon.

5. If the charge asked by defendant is faulty, in that it is too favorable to the State, in the use of the words ''unless it be corroborated by other testimony not so impeached,'' the State cannot complain of this. It should

have been given. For the refusal of this charge the judgment must be reversed.—*Jordan v. The State*, 81 Ala. 20; *Elmore v. The State*, 92 Ala. 52; *Horn v. The State*, 98 Ala. 23.

Reversed and remanded.