# Scheuerman *v.* Scharfenberg.

## Death Action.

(Decided June 30, 1909.—50 South. 335.)

1. *Negligence; Condition of Premises; Liability.*—An owner of premises is liable for injury to those lawfully thereon from spring guns and pit-falls intentionally or negligently suffered to exist without warning.

2. *Common Law; Application and Operation.*—The general principles of common law which are adapted to the situation, government and institutions of the state, and not inconsistent with the policy thereof, are in force in Alabama.

3. *Assault and Battery; Civil Liability; Self Defense.*—The rule that where a capital crime is attempted to be committed by force, it may be prevented by force, has been extended to other forcible felonies, such as burglary and arson, especially where attempted to be committed in the nighttime.

4. *Trespass; Spring Guns.*—The owner of a store in which goods are kept for sale or deposit, is not liable in trespass to a would be burglar who is shot by a spring gun placed in the store to shoot person attempting to burglarize it.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Joe Scheuermann, pro ami, against William Scharfenberg, for damages for being shot by a spring gun in an attempt to burglarize a store. Judgment for defendant and plaintiff appeals. Affirmed.

JOHN C. EYSTER, and LOWE & TIDWELL, for appellant.—The defendant was liable in this case.—*Simpson v. The State;* 59 Ala. 14; *State v. Blair*, 29 L. R. .A. 154. It follows that the demurrers should have been sustained to defendant's pleas.

E. W. GODBEY, for appellee.—Under no circumstances can the defendant be held liable in this action. —*Bangor v. Smith*, 77 Am. Dec. 247; *Spalding v. Pres-*

[Scheuerman v. Scharfenberg.]

*ton,* 50 Am. Dec. 74; *Thorne v. Travers I. Co.* 21 Am. Rep. 92; *Oliver v. The State,* 17 Ala. 599; *Mitchell v. The State,* 30 South. 803; *State v. Moore,* 83 Am. Dec. 162.

MAYFIELD, J.—This appeal presents but one question, which is as novel as it is difficult. The question is this: Is the owner of a storehouse, in which goods and other valuables are kept by him for sale and deposit liable in trespass to a would-be burglar of such store, who is shot by means of a spring gun placed in the store by the owner for the purpose of shooting persons who might attempt to burglarize it—the gun being discharged by the would-be burglar while in the attempt to enter, but after the breaking is completed? We have been unable to find any case exactly like it, and but few kindred ones.

The case of *Bethea v. Taylor,* 3 Stew. 482, was a case in which the owner of premises set a spring gun for the purpose of killing a bear. His neighbor's slave slipped out his master's horse, and rode it onto the premises in which the gun was planted, without the knowledge or consent of the owner of the premises. The horse broke loose, and strayed upon the gun, and was shot by the discharge. Held, that the owner of the premises was guilty of negligence in setting the gun, under the circumstances of that case, but that the owner of the negro and the horse was likewise guilty of negligence, which proximately contributed to the injury, in not keeping the negro and the horse at home on his own premises. *Simpson's Case,* 59 Ala. 1, 31 Am. Rep. 1, was a case in which the defendant was indicted under the statute (Rev. Code 1867, § 3670) for assault with intent to murder one Ford. There was evidence tending to show that Ford was shot by defendant intention-

ally, and also tending to show that he was shot by a
spring gun which defendant had set to shoot Ford if he
should trespass upon defendant's premises, and there
was some evidence to show that it was set to shoot Ford
whether he trespassed upon defendant's premises or
not. In this case, Brickell, C. J., discussed the law of
spring guns at great length, principally, though, as ap-
plied to our statutory felony of assault with intent to
murder: ·

The case of *Suell v. Derricott and Franklin,* 161 Ala.
259, 49 South. 895, was a case in which Suell's intes-
tate and son was killed by Derricott and Franklin
while the intestate was in the act of committing burg-
lary, or just after the crime was completed. The action
in that case was a civil one, under the homicide statute,
for the wrongful death of plaintiff's intestate. The law
of self-defense, of the right to protect one's person and
property, of the right to kill to prevent a trespass or
the commission of a felony, and of the right to kill in
order to arrest a felon or to prevent his escape, is dis-
cussed at some length, and the authorities cited. Some
of the propositions of law announced therein are appli-
cable to this case. The doctrine has also been often an-
nounced in this state that the owner of the premises is
liable in damages to those lawfully coming upon them
for any injury occasioned by the unsafe condition of
the premises which the owner has intentionally or neg-
ligently suffered to exist, without giving warning there-
of, such as pitfalls, open wells, cellars, elevators, un-
guarded steps, spring guns, and the like.—*O'Brien v.
Tatum,* 84 Ala. 187, 4 South. 158; *West v. Thomas,* 97
Ala. 622, 11 South. 768; *Thompson's Case,* 77 Ala. 448,
54 Am. Rep. 72; *Arnold's Case,* 84 Ala. 159, 4 South.
359, 5 Am. St. Rep. 354; s. c. 80 Ala. 600, 2 South. 337;
*McAdory's Case,* 109 Ala. 636, 19 South. 905; *Sides'*

*Case,* 129 Ala. 399, 29 South. 798; *Watson's Case,* 94 Ala. 634, 10 South. 228. The same doctrine is held true in *Bennett's Case,* 102 U. S. 577, 26 L. Ed. 235.

Before there was any statute in England on the subject of spring guns, it was held that a mere trespasser, having no knowledge of the particular spot on which a spring gun was located, but having a general knowledge that there were spring guns in the wood trespassed upon, could not recover for being shot by one of such guns which he discharged while trespassing.— *Scott v. Wilkes,* 3 B. & Ald. 304. In another case, where plaintiff had climbed over defendant's wall to catch one of his own fowls, which had strayed onto defendant's premises, and was shot by defendant's spring gun, defendant was held liable.—*Bird v. Holdbrook,* 4 Brig. 628. There are other English cases, some holding the defendant liable, and others not, for injury suffered on account of spring guns, dangerous agencies, etc., placed upon one's premises, depending upon the facts of each particular case. England finally passed statutes upon the subject (St. 24 & 25 Vict. c. 100; St. 7 & 8 Geo. IV., c. 18, 5, 1), which made it a crime to place such dangerous agencies upon one's premises, save in the nighttime, and never then except to protect the dwelling. As was said by this court (*Simpson's Case,* 59 Ala. 13, 31 Am. Rep. 1), the common law of England is not in all respects the common law of this country or of this state. It is only those general principles which are adapted to our situation, government, and institutions, and not inconsistent with our policy, which are of force here and prevail.

In the case of *Hooker v. Miller,* 37 Iowa 613, 18 Am. Rep. 18, Hooker set a spring gun in his vineyard, to protect his fruit from trespassers and theives. Miller, not knowing of the gun, entered the vineyard for the

[Scheuerman v. Scharfenberg.]

purpose of stealing fruit, and was injured by discharg-
ing the gun, Held, that he was entitled to recover of
Hooker in trespass. In the case of *Gray v. Combs,* 7 J.
J. Marsh. (Ky.) 478, 23 Am. Dec. 431, Combs set a
spring gun in a warehouse which some persons had been
in the habit of burglarizing in the nighttime. A slave
of Gray, who was attempting to burglarize the ware-
house at night, came in contact with the string attach-
ed to the trigger, and discharged the gun, and was kill-
ed thereby. In an action by Gray against Combs for
the loss or killing of the slave, the court held the de-
fendant not liable. In the case of *State v. Moore,* 31
Conn. 479, 83 Am. Dec. 159, it was held that setting
spring guns in one's shop for protection against burg-
lars was not an indictable nuisance, though the guns
were loaded with large shot and pointed obliquely to-
ward a public highway, and it was possible for some of
the shot to pass through the walls of the shop. In the
case of *State v. Barr,* 11 Wash. 481, 39 Pac. 1080, 29
L. R. A. 154, 48 Am. St. Rep. 890, Barr owned a cabin
or hut in a secluded spot on the ground of another, in
which he and a comrade lived. On leaving the cabin
for a hunting trip they locked and barred the doors and
windows, and set a spring gun so that it would discharge
the loads into the doorway if one attempted to open
the door. One dark and rainy night two travelers were
passing the cabin, and, thinking it vacant, attempted
to open the door. The gun was discharged, and killed
one of them. Barr was indicted for murder, and was
convicted of murder in the second degree, and the Su-
preme Court affirmed the judgment and sentence.

It will be observed, from these various decisions, that
while a man may set spring guns and mantraps upon
his own premises to protect them in the nighttime from
thieves and burglars, he must see to it that such guns

or traps do not inflict injury upon those who go thereon for lawful purposes, and that one has no right to defend his property against mere trespassers by means of such deadly agencies. Liability as to mere trespassers who have no felonious intent depends also upon notice to them of the dangerous agency.

There is another principle of law applicable to this case, which is discussed in these cases cited, and also in others of our own court, which is the right to defend one's property as well as his person against violence and felonies. Mr. Blackstone announced the rule, a long time ago, that where a crime, which is itself punished capitally, is attempted to be committed by force, it may be prevented by force, even to the taking of life. The rule has also been extended to other atrocious felonies, such as burglary and arson, and this is certainly true where such felony is attempted in the nighttime.— 4 Bl. Com. 213, 181. Our court has often announced this same doctrine, first in *Oliver's Case,* 17 Ala. 587, in which the court said: "The law will justify the taking of life when it is done from necessity to prevent the commission of a felony." This case has often been followed, with some qualifications.

The doctrine is stated or quoted thus by Stone, C. J. in the case of *Bostic v. State,* 94 Ala. 46, 10 South. 602: "It is said in 4 Bl. Com. 213, that 'homicide committed for the prevention of any forcible and atrocious crime is justifiable by the law of nature, and also by the law of England, as it stood so early as the time of Bracton, and as was declared by statutes (St. 24 Hen. VIII, c. 5). If any person attempts a robbery or murder of another, or attempts to break open a house in the night (which extends also to an attempt to burn it), and be killed in such attempt, the slayer will be acquitted and discharged.' Greenleaf states the doctrine

[Scheuerman v. Scharfenberg.]

substantially the same way.—3 Greenl. Ev. § 115."
This common-law doctrine is also quoted thus in
*Storey's Case,* 71 Ala. 337: "A man may repel by force
in defense of his person, habitation, or property, against
one who manifestly intends, or endeavors, by violence
or surprise, to commit a known felony, such as murder,
rape, robbery, arson, burglary and the like upon either.
In these cases he is not obliged to retreat, but may pur-
sue his adversary until he has secured himself from all
danger; and if he kill him, in so doing, it is called justi-
fiable self-defense.'—1 East, P. C. 271. Of course, where
one is attacked in his own dwelling house, he is never
required to retreat. His 'house is his castle,' and the
law permits him to protect its sanctity from every un-
lawful invasion.—Whart on Hom. § 541; *Pond's Case,*
8 Mich. 150; I. Russ. Cr. 544."

A man's place of business (such as the defendant's
store in this case) is pro hac vice his dwelling, and he
has the same right to defend it against intrusions, such
as burglary, as he has to protect his dwelling.—*Jones
v. State,* 76 Ala. 16. Burglary of a store house, such as
the one attempted to be burglarized in this case, or in
which goods, etc., are kept for sale or in deposit, is by
statute made a felony punishable as if it were of a
dwelling.—Code 1907, § 6415 (4417). Applying these
principles of law, we hold that the owner of such a store
is not liable in trespass to a would-be burglar thereof,
who is shot by means of a spring gun by such owner
placed in the store for the purpose of shooting persons
who might attempt to burglarize it; the gun being dis-
charged by the would-be burglar in attempting to en-
ter.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ. con
cur.