(85 South. 875)

LEATHERWOOD v. STATE.   (1 Div. 385.)

(Court of Appeals of Alabama. June 15, 1920.)

1. CRIMINAL LAW ⬅814(18)—CHARGE AS TO EVIDENCE OF IMPEACHED WITNESS HELD NOT ERRONEOUS AS ABSTRACT.

In a prosecution for violating the prohibition law, it was error to refuse to charge that, "If the witness M. has been impeached, his entire testimony may be disregarded, unless corroborated by the testimony not so impeached," where there was undisputed testimony by several witnesses that they knew the general character of M. and that it was bad; the charge therefor not being abstract.

2. CRIMINAL LAW ⬅785(14)—CHARGE AS TO EVIDENCE OF IMPEACHED WITNESS IMPROPERLY REFUSED AS BEING ARGUMENTATIVE.

In a prosecution for violating the prohibition law, it was error to refuse a charge that, "If the witness M. has been impeached, his entire testimony may be disregarded, unless corroborated by the testimony not so impeached," on the ground that it was argumentative.

3. CRIMINAL LAW ⬅757(6)—CHARGE AS TO EVIDENCE OF IMPEACHED WITNESS HELD NOT ERRONEOUS AS INVADING PROVINCE OF JURY.

In a prosecution for violating the prohibition law, a charge that, "If the witness M. has been impeached, his entire testimony may be disregarded, unless corroborated by the testimony not so impeached," held improperly refused as invading the province of the jury; they being authorized, but not required, to disregard such evidence altogether.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Andrew Leatherwood was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

S. C. Jenkins and Stone & Stone, all of Bay Minette, for appellant.

The court erred in refusing the charge set out in assignment 6. 107 Ala. 26, 18 South. 238. Counsel discuss other assignments of error, but in view of the opinion they are not here set out.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The charge referred to involved the same principle as the charges given, and hence the refusal was not error. Counsel discuss other assignments of error, but in view of the opinion they are not here set out.

BRICKEN, P. J. [1] The defendant requested the following charge, which the court refused to give:

"The court charges the jury, if the witness Berry Minge had been impeached, his entire testimony may be disregarded, unless corroborated by the testimony not so impeached."

[2, 3] The refusal of this charge was error. Churchwell v. State, 117 Ala. 124, 23 South. 72; Prater v. State, 107 Ala. 26, 32, 18 South. 238; Horn v. State, 98 Ala. 23, 13 South. 329; Elmore v. State, 92 Ala. 52, 9 South. 600; Jordan v. State, 81 Ala. 20, 1 South. 577. It was error for the reason that the charge is not abstract, as several witnesses testified that they knew the general character of witness Berry Minge, and that they also knew his general reputation for truth and veracity; that his character in each particular was bad, and upon the strength of which they would not believe this witness on oath in a court of justice. This evidence was without conflict or dispute, the state not having introduced any witness who testified to the contrary in this connection. Neither is it objectionable as being argumentative; and, further, it simply asserts that if the jury believe from the evidence that the witness named has been successfully impeached, and if they believe from the evidence said witness is shown to be a man of bad character and unworthy of belief, they are authorized to disregard his evidence altogether; the charge does not require them to do so, and hence was not invasive of the province of the jury. Prater v. State, supra. The credibility of witnesses is a matter for the consideration of the jury, guided by such instructions from the court as the nature and character of the evidence and the particular case may require.

In the Churchwell Case, supra, the Supreme Court said:

"If the charge asked by defendant is faulty, in that it is too favorable to the state, in the use of the words 'unless it be corroborated by other testimony not so impeached,' the state cannot complain of this. It should have been given. For the refusal of this charge, the judgment must be reversed."

In Prater v. State, supra, the court, in dealing with a similar charge, said:

The charge "is not abstract or argumentative; but asserts simply that if the evidence convinces the jury that the witness [naming him] is a man of bad character and unworthy of belief, they are authorized to disregard his evidence altogether. The jury certainly had this right on the hypothesis of this charge, and they should have been so instructed."

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

For having refused the above charge, the judgment must be reversed and the cause remanded.

Other questions presented need not be considered, as in all probability they will not again occur upon another trial of this case. The rulings of the court upon the evidence appear to be free from prejudicial error.

Reversed and remanded.