(125 So. 685)

LOVE v. STATE. (6 Div. 622.)

Court of Appeals of Alabama. Jan. 14, 1930.

James J. Ray and J. M. Pennington, both of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Sections 79, 121, 122, and 167 of the Alabama School Code, a work prepared by Hon. Harwell G. Davis, adopted by the Leg- islature of Alabama, and promulgated as a part of the law of this state, by proclamation of the Governor, on October 1, 1927, provide for the taking of a biennial census of all children in this state between 6 and 21 years of age.

In section 79 it is provided that there be prepared "the forms and blanks to be employed in taking such census, and in compiling the reports thereon" from the county superintendent of education to the state superintendent of education.

In section 122 it is provided that the "report" of the "enumerators" employed in accordance with the terms of said section "shall be made under oath to the county superintendent of education," etc., and that such report shall be used at a later date by the county superintendent of education in making his "consolidated report to the state superintendent of education." Section 167.

■ It does not appear to us that section 7681 of the Code of 1923 is broad enough in its terms to cover and include such a "document" as the report of the enumerator, above, to the county superintendent of education. But the common law is in force in this state, where not abrogated by statute. Scheuermann v. Scharfenberg, 163 Ala. 337, 50 So. 335, 24 L. R. A. (N. S.) 369, 136 Am. St. Rep. 74, 19 Ann. Cas. 937. And, independently of the Code section above referred to, the following language, while "quoted" in the opinion of the Supreme Court of our state, from which we take it, seems, nevertheless, to have the approval of the Supreme Court of Alabama: "In the United States somewhat greater latitude seems to have been allowed; and it has frequently been held that such entries are admissible if made in the course of official duty although not required to be made by law." Metropolitan Life Ins. Co. v. Parks, 210 Ala. 261, 97 So. 788, 789.

■ While the "record of census, relating to the age of Irene Trice, or the report of the census enumerator, referred to above, on the same subject, admitted to be "a record kept in the office of the county superintendent of education of Walker county," which was offered in evidence by the appellant, may not be, and we do not think it is, a "book or paper, or part thereof, required by law to be kept in the office, custody or control of any public officer," etc., described in Code 1923, § 7681, in such sort that by virtue of the terms of *that* statute a transcript of it "must be received in evidence in all courts" (and, if the *transcript*. of course, the *original*—Stevenson v. Moody, 85 Ala. 33, 4 So. 595), still, in line with what, we think, is the attitude of the Supreme Court of our state as indicated in the opinion in the case of Metropolitan Life Ins. Co. v. Parks, supra, we hold that the document offered in evidence was one "made in the course of official duty," and kept in the dis-

charge of that duty, and that hence the trial court erred in excluding it from the evidence. See Wiley et al. v. Wilhite, 201 Ala. 638, 79 So. 110, and Ramage, Parks & Co. v. Folmar, 219 Ala. 142, 121 So. 504. If its verity was questioned, as it could be, and was, the burden of impeaching it should have been placed upon the state—not that of upholding it on the defendant. And, whether impeached by the state or not, it was admissible in evidence for whatever it was worth in that regard.

■ Appellant requested the trial court to give the following written charge, to the jury:

20. "I charge you, gentlemen, as a matter of law, that if any of the testimony of the state's witnesses has been impeached, you may disregard such testimony entirely unless corroborated by other tetimony not impeached."

This charge is bad in form. It is not the "impeaching of the testimony," but the "impeaching of the witness" *giving* the testimony, that was evidently in the mind of appellant's counsel when he drafted the charge. If he had put in the charge what we think he had in mind to put in it, but did not, then the cases of Churchwell v. State, 117 Ala. 124, 23 So. 72, Leatherwood v. State, 17 Ala. App., 498, 85 So. 875, Creel v. State (Ala. App.) 124 So. 507,[1] and others he cites, would indeed have been authorities supporting the argument he makes that the refusal of the charge was error. On the other hand, the learned trial judge would doubtless have *given* the charge, had it been properly drawn.

For the error pointed out, the judgment is, reversed, and the cause remanded.

Reversed and remanded.

