173 So. 655

## WILLIAMS v. STATE.

### 4 Div. 337.

Court of Appeals of Alabama.

April 6, 1937.

W. G. Hardwick, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant with the offense of murder in the first degree. Specifically, that she unlawfully, and with malice aforethought, killed Booker T. Whaley by shooting him with a pistol.

The indictment was proper in form and substance and was returned by the grand jury on July 31, 1936. The case was tried in the lower court on November 27, 1936, and resulted in the conviction of defendant for the offense of manslaughter in the first degree. The punishment was imprisonment in the penitentiary for nine years.

The evidence for the State tended to show that Whaley, the deceased, was killed by the defendant; that she shot at him several times with a pistol and wounded him three times, one wound in the eye, one in his leg, both entering from the front and one wound

entered near the center of his back and penetrated the body, coming out near his left breast.

The defendant, when the officers arrived some time after the killing, was hidden under the house and had a pistol in her hand which the officers took away from her. She admittedly killed Whaley, but contended she did so in self-defense, and testified that he had beaten her and at the time she fired the shots deceased was advancing upon her with a knife in a threatening manner. The facts adduced, of course, presented a jury question, and in our opinion were ample to sustain the verdict rendered and to support the judgment of conviction pronounced and entered.

There was no error in the ruling of the court in allowing the State to introduce in evidence the pistol with which defendant had admittedly killed deceased. The arresting officer identified the pistol as the one taken from defendant a short time after the killing, and testified: "I examined the pistol then and it is just like it was at that time, and has the same amount of empty shells in it."

Other exceptions reserved are so clearly without merit they need no discussion.

The record is regular and without error. The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.