**Russell HURLEY, Petitioner-Appellant,**

v.

**J. E. BONNETT et al., Respondent-Appellee.**

No. 29812
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1970.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F. 2d 409, Part I [August 14, 1970].

Russell Hurley, pro se.

MacDonald Gallion, Atty. Gen., Lloyd G. Hart, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BELL, AINSWORTH and GODGOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying petition of an Alabama state convict for the writ of habeas corpus. We affirm in part and vacate and remand in part.

The relief sought is from a three-year sentence imposed for grand larceny after a jury verdict of guilty. The conviction was affirmed on appeal. Hurley v. State, 1968, 44 Ala.App. 292, 207 So.2d 670. In his petition appellant alleged first, that he was denied benefit of counsel at a preliminary hearing, and second, that police officers were permitted to testify as to an oral statement made by him during in-custody interrogation, without a proper determination by the court that the statement was voluntary and rendered under the safeguards of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The district court denied relief without holding an evidentiary hearing. This was proper as to the second contention. The court concluded that the record made in the state court was such as not to require a further evidentiary hearing in the federal habeas court. Townsend v. Sain, 1963, 372 U.S. 293, 312–314, 318, 83 S.Ct. 745, 9 L.Ed.2d 770. The conclusion reached that there was no merit in the second contention is amply supported in law and in fact and we affirm as to the denial of relief on the oral statement aspect of the case.

The first contention presents quite another matter. Appellant claims that he was denied counsel at a preliminary hearing. There is an indication in the state court record that there was, in fact, some type of preliminary hearing as distinguished from the arraignment where appellant was represented by counsel. The claim for relief on this ground was not developed factually in either the state or federal habeas court.

Meanwhile and subsequent to the judgment of the district court, the Supreme Court has extended the right to counsel to a preliminary hearing. Coleman v.

Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, Cf. Wetzel v. North Carolina, 398 U.S. 934, 90 S.Ct. 2250, 26 L.Ed.2d 805, on retroactivity. In the absence of a factual basis, we are not in position to decide the several questions which may be presented by *Coleman.*

The judgment of the district court on this question, the denial of counsel at the preliminary hearing, must be vacated and the case remanded for consideration anew in light of *Coleman.*

Affirmed in part; vacated and remanded in part.