Rape; sentence: ten years.
The appellant was indicted and convicted for the rape of Patricia Brown. Punishment was fixed by the jury at ten years in the penitentiary and the trial court entered judgment and sentence accordingly.
On appeal, Richard Thomas complains that several articles of clothing should not have been permitted into evidence because the state failed to show a proper and unbroken chain of custody. Such evidence not being admissible, the testimony of a state toxicologist as to his examination of them should have been likewise prohibited. The appellant further argues that the failure of the trial judge to give certain requested charges amounts to error fatal to the appellant's conviction.
A detailed recitation of the facts surrounding the crime is unnecessary. Therefore, only those facts pertinent to this appeal are set forth below.
On September 19, 1975, Patricia Brown had a date with the appellant. They went to a night club in Bessemer, Alabama, and drank some beer and wine. Throughout their date, the appellant kept "leaning over" and "trying to kiss" Miss Brown who kept fending him off. Finally, Miss Brown asked the appellant to take her home. After they were in the car, the appellant told Miss Brown that he wasn't going to take her home until she did what he wanted, that she could "make it easy or hard, . . but you are going to do what I want you to".
As the automobile slowed for a red light, Miss Brown jumped out, tearing her pants. The appellant stopped the car and caught her, then took her to a deserted area and parked near some bushes. Miss Brown once again tried to escape but the appellant caught her, forced her up against the back of the car and began ripping her clothes off.
Miss Brown resisted him and scratched his face but he soon overpowered her and raped her while they were both standing up.
While the appellant and Miss Brown were still standing outside the car, a Bessemer police officer arrived and arrested the appellant. *Page 212 
Miss Brown did not go to a doctor or receive medical attention following the rape. After going to the Sheriff's office in Bessemer, she went home. The next morning she returned her clothing to the Sheriff's office and gave it to the "lady who works the radio".
Sergeant C.L. Walden of the Jefferson County Sheriff's Department, Bessemer Division, testified that the first time he saw the clothing consisting of a blouse, a pair of pants and a pair of panties, was two days later on Monday morning when he came to work. He found it in his evidence locker which was shared by four or five other deputies. The articles of clothing were packaged and sealed in a brown paper bag. The bag was initialed by the person who had brought the clothing down to his office and locked it up. Markings on the bag indicated that it had been sealed by Deputy Wickler.
Sergeant Walden opened the bag, examined the contents, and then resealed the bag with tape.
The next day he personally took the sealed bag to the State Toxicologist's office and turned it over to a secretary. At that time a toxicologist, Lawden Yates, Jr., was present and gave Sergeant Walden a signed receipt for the evidence.
Crime Lab Analyst Layne M. Thigpen stated that he received the articles of clothing from toxicologist Yates and conducted an examination on each article of clothing. He testified that the crotch area of both the panties and the pants revealed the presence of blood and semen. There was no testimony as to whether the blood and semen on the pants and panties were of the same type as that of the appellant. Mr. Thigpen did testify that it was possible that the clothing had been soiled for two or three months and that he could not determine the age of the sperm or blood cells.
Although the appellant did not testify, the defense put on several character witnesses in an attempt to impeach the testimony and credibility of the prosecutrix.
The state introduced testimony of the good character of Miss Brown.
 I
The appellant assigns as error the fact that witnesses, including a state toxicologist, were allowed to testify about and give their opinion to certain articles of clothing worn by the prosecutrix when she was raped. This claim of error is based on the contention that the state failed to establish a proper chain of evidence.
The testimony as previously recited reveals that the prosecutrix personally delivered her blouse, pants, and panties to the Sheriff's office; that a deputy sheriff took the same articles to the State Toxicologist's office; and that there they were examined by a crime lab analyst. The fact that the prosecutrix did not personally deliver the articles of clothing into the hands of the deputy sheriff and the fact that the deputy sheriff did not personally deliver these same articles of clothing into the hands of the crime lab analyst who actually examined them do not constitute such a break in the requisite chain of custody as to require the exclusion from evidence of the clothes and any testimony about them. Jemisonv. State, 40 Ala. App. 581, 120 So.2d 748 (1960); Oury v. State,53 Ala. App. 240, 298 So.2d 661 (1974); Gandy v. State,49 Ala. App. 123, 269 So.2d 141 (1972); Green v. State, 42 Ala. App. 439, 167 So.2d 694 (1964); Robinson v. State, 53 Ala. App. 145,298 So.2d 75 (1974).
Before the articles of clothing were introduced into evidence they were identified by the prosecutrix as being those articles of apparel which she was wearing when raped. Her testimony also identified the clothes as being in substantially the same condition when offered in evidence as they were immediately after the rape. While we do not reach this conclusion here, several cases have suggested that articles of clothing duly identified and shown to be in substantially the same condition as at the time in issue are admissible on that showing alone.Robinson v. State, 243 Ala. 684, 11 So.2d 732 (1943);Chancellor v. State, 38 Ala. App. 89, 80 So.2d 313 (1954); Aaronv. State, *Page 213 271 Ala. 70, 122 So.2d 360 (1960). See also, Dennison v. State,259 Ala. 424, 66 So.2d 552 (1953); Williams v. State, 27 Ala. App. 421,173 So. 655 (1937).
There is not the slightest inference that the clothes were tampered with. We find that the requisite claim of custody was sufficiently established as to allow the introduction into evidence of the articles of clothing. The weak links in the chain of possession were a question of credit and weight rather than one of legality or admissibility. King v. State,45 Ala. App. 348, 230 So.2d 538 (1970); McClary v. State,51 Ala. App. 30, 282 So.2d 379 (1972).
 II
The appellant contends that the trial judge should not have refused the following charges which were requested in writing:
Defendant's Requested Charge No. 7.
 "The court charges the jury that if a witness has come upon the stand and testified to a different state of facts here to what he or she testified upon the preliminary trial of the defendant had before Judge J. Dawson Britton, you have the right to look to this evidence as evidence tending to impeach the witness who has made such conflicting statements."
Defendant's Requested Charge No. 8.
 "The court charges the jury that if Patricia Brown has come upon the stand and testified to a different state of facts here to what she testified upon in the preliminary hearing of the defendant had before Judge J. Dawson Britton, you have the right to look to this evidence as evidence tending to impeach the witness who has made such conflicting statements."
We find that the refusal of the trial judge to give these requested instructions was not error because they were covered by the general charge. Thus, in the oral charge we note that the trial judge instructed the jury:
 "If you find that some witness has testified to you corruptly and falsely on any material matter you have a right to disregard any of or all of that witness' testimony."
Though jury instructions requested by the defendant state correct principles of law, it is not error to refuse them where they are adequately and substantially covered in the oral charge. Stuckey v. State, 57 Ala. App. 85, 326 So.2d 150 (1967), Code 1940, Recompiled 1958, Title 7, § 273. The trial court's oral charge entirely obviated the need to give the requested charge of the appellant. Buckelew v. State, 48 Ala. App. 411,265 So.2d 195, cert. denied, 288 Ala. 735, 265 So.2d 202, cert. denied, 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972);Keith v. State, 253 Ala. 670, 46 So.2d 705 (1950); Lawman v.State, 18 Ala. App. 569, 207 Ala. 419, 93 So. 69 (1922); Shaw v.State, 19 Ala. App. 581, 99 So. 319, cert. denied, Ex parteShaw, 211 Ala. 701, 99 So. 923 (1924).
 III
The appellant requested the following written charge:
 "The court charges the jury that if they believe from the evidence that the witness Patricia Brown is a person of bad reputation for truth and veracity in the community where she lives, then, as a matter of law, this fact tends to discredit her testimony, and the jury may entirely disregard it."
The trial judge refused this charge and upon this refusal the appellant predicates error.
At trial, the defense presented some testimony as to the prosecutrix' bad reputation for truth and veracity. The state countered with testimony as to her good reputation for the same traits. Under the evidence the requested charge was properly refused because it pretermitted corroboration of the named witness by other evidence. Hamilton v. State, 147 Ala. 110,41 So. 940 (1906); Kennedy v. State, 291 Ala. 62, 277 So.2d 878
(1973); see also Churchwell v. State, 117 Ala. 124, 23 So. 72
(1897); Leatherwood v. State, 17 Ala. App. 498, 85 So. 875
(1920).
Our review of the entire record fails to find any error injuriously affecting the substantial rights of the appellant. For this *Page 214 
reason and those set forth above, this case is due to be and is hereby
AFFIRMED.
All Judges concur.