# Bray *v.* The State.

*Indictment for an Assault with Intent to Rape.*

1. *Assault with intent to rape; admissibility of evidence.*—On a
   trial under an indictment for an assault with intent to rape,
   it is competent for the State, after the woman assaulted has
   testified to the commission of the offense, to prove in cor-
   roboration of her testimony as to the main. fact, that re-
   cently after the outrage she made complaint to those to
   whom complaint of such an occurrence would naturally be
   made; but on direct examination such testimony is confined
   to the bare fact of complaint, and details of the occurrence
   including the identity of the person accused, are not proper
   subjects of inquiry, and can not be proved.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. A. COLEMAN.

The appellant in this case, Oliver Bray, was indicted
and tried and convicted for an assault with intent to
rape one Ida Andrews, and was sentenced to the peni-
tentiary for five years.

Upon the examination of prosecutrix, Ida Andrews,
she testified to the details of the assault committed upon
her and that said assault was made in the woods a short
distance from the house of the defendant. The prose-
cutrix further testified that at the time of the assault
she was living with the defendant and his wife. The
State then asked the witness the following question:
"State whether or. not shortly after the alleged assault
you told any one about it?" The defendant objected
to this question upon the ground that it called for im-
material, irrelevant and inadmissible evidence. The
court overruled the objection, and the defendant duly
excepted. The witness testified that immediately upon
her return she told Mrs. Bray about the assault com-
mitted upon her by Mr. Bray. The prosecutrix was then
asked the following question: "Did you tell any one
else what he had done?" The defendant objected to
this question upon the ground that it called for irrele-

vant, immaterial and inadmissible evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that she told her mother. The rulings upon this evidence present the only questions reviewed on the present appeal.

LEITH & SHERER, for appellant, cited *Griffin v. State,* 76 Ala. 29; *Barnett v. State,* 83 Ala. 40; *Scott v. State,* 48 Ala. 420.

CHAS. G. BROWN, Attorney-General, for the State, cited *Barnet v. State,* 83 Ala. 43; *Lacy v. State,* 45 Ala. 80; *Griffin v. State,* 76 Ala. 29; *Barnes v. State,* 88 Ala. 205; 1 McClain's Cr. Law, § 455; 3 Green. on Ev. (15th ed.), §§ 212-213, 228, 229; 2 Bish. Cr. Procedure, § 457, pp. 456-57.

SHARPE, J.—Where in prosecutions for rape the woman assaulted has testified to the commission of the offense the State may, in corroboration of her testimony as to the main fact, prove also that recently after the outrage she made complaint to those to whom complaint of such occurrence would naturally be made. On direct examination such testimony is confined to the bare fact of complaint; and details of the occurrence, including the identity of the person accused, are not proper subjects of inquiry. In such case, the State is not privileged to prove that the woman complained that any particular person assaulted her until after the defendant has brought out particulars of the complaint, or has introduced evidence tending to impeach the witness who testifies to the complaint.—*Barnett v. State,* 83 Ala. 40; *Griffin v. State,* 76 Ala. 29; *Barnes v. State,* 88 Ala. 204; 3 Green. Ev., § 213.

In the present case this rule was violated by the court's action in overruling defendant's objection to the question addressed to the prosecutrix as to whether she told any one other than Mrs. Bray what the *defendant* had done to her. The affirmative answer elicited by the question was calculated to prejudice the defendant's case and the error of its admission requires a reversal of the judgment.

Reversed and remanded.