[Oakley v. The State.]

# Oakley *v.* The State.

135　29
143　55

## *Indictment for Rape.*

1. *Walker Law and Equity Court; power to organize special grand jury; motion to quash; Code, § 5000.*—Under the act creating the Walker Law and Equity Court, approved December 5, 1900, that court has power to organize a special grand jury under section 5000 of the Code.

2. *Same; order for special grand jury; Code, § 5000; describing offense to be investigated or naming person charged.*—In an order calling for a special grand jury under section 5000 of the Code, it is not necessary that the court shall particularly describe the offense to be investigated or should specify the name of a person as being charged with its commission.

3. *Nolle prosequi, effect of; error without injury.*—The entering of a *nolle prosequi* upon one count of an indictment, before trial, renders harmless any error in overruling a demurrer to such count.

4. *Plea of former conviction; burden of proof.*—The burden of proving a plea of former conviction is on the defendant.

5. *Rape; evidence as to complaint by female.*—On a trial for rape, it is error to allow the State, on direct examination of the person on whom the rape is charged to have been committed, to ask her, "Did you tell what he had done to you to anybody?"

6. *Criminal law; evidence; medical books.*—In a criminal case, evidence of a physician explaining the meaning of technical terms used in a medical book introduced in evidence, is admissible.

7. *Charge as to degree of proof to warrant conviction.*—In a criminal case, it is proper to refuse a charge that "The humane provision of the law is that there should not be a conviction unless the evidence, to a moral certainty, excludes every reasonable hypothesis other than that of the guilt of the accused."

8. *Rape; age of female.*—Rape can be committed on a female under fourteen and over ten years of age.

9. *Same; indictment; offenses for which conviction can be had.* Under an indictment for rape, a conviction may be had for rape, an assault with intent to commit rape, or an assault and battery.

10. *General affirmative charge, when improper.*—The general affirmative charge is never proper where the evidence is conflicting.

11. *Charge to jury; charge tending to produce mistrial.*—It is not the duty of the court in a criminal case to charge that "If any member of the jury has a reasonable doubt as to defendant's guilt and any other member of the jury does not have a reasonable doubt of defendant's guilt, it is the duty of the jury not to return a verdict either way," as such charge in effect instructs the jury to make a mistrial, on the hypothesis stated.

APPEAL from the Walker County Law and Equity Court.

Tried before the Hon. W. B. APPLING.

The defendant, Oscar Oakley, was indicted, tried and convicted on the charge of rape. The second count of the indictment charged that defendant "did carnally know, or abuse in the attempt to carnally know, Mattie Oakley, a female under the age of fourteen years." After demurrers to this count were overruled, a *nolle prosequi* was entered as to said count before the trial.

The defendant made a motion to quash the indictment upon the following grounds: (1.) The said persons composing the grand jury which found this indictment were not drawn by any person. (2.) The presiding judge never made any order for the drawing of the grand jury which found this indictment. (3.) The grand jury oragnized for this term of cout did not find this indictment, but were oragnized and discharged without finding it, and said grand jury which found this indictment had no authority to investigate this charge. (4.) The grand jury which found this indictment had no authority to investigate the charge for which defendant is indicted. (5.) The grand jury which found this indictment was not organized in default of a regularly drawn grand jury for this term of court, and was not drawn pursuant to any order of the judeg of this court. (6.) The persons composing said grand jury were drawn and selected by the sheriff of this county. (7.) The indictment was presented Feb. 12 by a grand jury of which J. H. Cranford acted as foreman, and there was no order on the minutes of this court on said date

[Oakley v. The State.]

directing the sheriff to summon a grand jury. (8.) Because the sheriff had no notice from the clerk directing him to summon eighteen persons to appear in court on the 11th day of Feb., 1901, to serve as grand jurors. (9.) Because there was no order appearing on the minutes of the court directing the organization of the grand jury which found this indictment at the time the same was organized, or at the time the indictment was returned into court. (10.) Because the grand jury which found this indictment was or purported to be a special grand jury and found indictment for more than one offense. (11.) The clerk never notified or directed the sheriff to summon the grand jury that found this indictment. (12.) There was no order on the minutes of the court directing the sheriff to summon the grand jury which found this indictment. (13.) The grand jury which found this indictment was organized to investigate more than one offense. (14.) Because the grand jury was not drawn by the proper officers prescribed by law. (15.) Because the grand jury was not drawn in the presence of the proper officers. (16.) The grand jury was not drawn by the jury commissioners of Walker county. (18.) Because the grand jury found this indictment for an offense which was not designated in the order directing the organization of the grand jury.

On the trial of said motion to quash it was made to appear that the indictment was found by a special grand jury, which was summoned and drawn in obedience to an order made by the judge of the Walker county law and equity court on February 7, 1901, as follows: "It being made to appear to the court that since the last grand jury of this county has been discharged, and this court now being in session, certain indictable offenses have been committed during the session of this court by certain persons who have been arrested and are now confined in the county jail of Walker county, Alabama, by the sheriff of said county under proper complaints made; and it being made to appear to the court that one of said offenses is punishable capitally, being the offense of rape, and the other being the offense of arson in the second degree, and the court being of the opinion that the public good requires that a

grand jury for said county should be immediately drawn and impannelled as required by law to investigate said offenses; it is, therefore, ordered by the court that the sheriff of Walker county, Alabama, forthwith summons eighteen persons possessing the requisite qualifications of grand jurors to appear at the court house of said county on Monday, the 11th day of February, 1901, to serve as grand jurors, for the purpose of investigating said offenses, and the sheriff of said county is hereby commanded to forthwith execute this order. It is further ordered that this order be entered upon the minutes of this court." The grand jury was duly organized, composed of eighteen persons, on Feb. 11th, and on Feb. 12th returned into the court the indictment against defendant. The defendant also offered in support of said motion four other indictments found by said special grand jury, three against himself, and being, respectively, for rape upon Mattie Oakley, for carnally knowing Mamie Oakley, a female under the age of fourteen years, and for arson; and the fourth against one Bob Thompson, also for arson.

The motion to quash having been overruled, defendant pleaded former conviction, but failed to sustain said plea by proof, that his former conviction had been for the identical offense charged in this indictment.

The opinion sufficiently shows the rulings upon the the admission of evidence, and it is not deemed necessary to set out the evidence in detail. Suffice it to say, the evidence of the prosecutrix was to the effect that she was twelve years of age, and that the rape was committed, and that the defendant had committed rape upon her twice, that the occasion she was now testifying about was not the same to which she testified on the trial under the other indictment. The defendant admitted sleeping with the prosecutrix, but denied that he had ever had intercourse or attempted to have intercourse with her.

Among the charges requested by the defendant were the following: (1.) "I charge you, gentlemen of the jury, that the humane provision of the law is that upon circumstantial evidence there should not be a convic-

tion unless such evidence excludes to a moral certainty and beyond all reasonable doubt every other reasonable hypothesis than that of the guilt of the accused; and no matter how strong may be the circumstances, if they can be reconciled with the theory that the offense has not been committed, or if committed that some other person did it, then the guilt of the defendant is not shown by the full measure of proof which the law requires, and your verdict must be for defendant." (11.) "The humane provision of the law is that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every reasonable hypothesis than that of the guilt of the accused." (20.) "If the jury believe from the evidence that Mattie Oakley was under the age of fourteen years, they cannot find the defendant guilty of rape under the first count of the indictment." (25.) "I charge you, gentlemen of the jury, that if you find the defendant guilty as charged in the second count of the indictment, they must fix the punishment at a fine of not less than fifty nor more than five hundred dollars, and may fix an additional punishment of six months in the county jail." (26.) "I charge you, gentlemen of the jury, that if you believe Mattie Oakley was over ten years of age at the time of the alleged offense, you will find the defendant not guilty." (27.) "I charge you, gentlemen of the jury, that if you believe from the evidence that Mattie Oakley was over the age of ten years at the time the alleged offense was committed, you will find the defendant not guilty under the second count of the indictment." (28.) "I charge you, gentlemen of the jury, that unless you believe beyond a reasonable doubt and to a moral certainty from the evidence that the sexual organ of the defendant entered the sexual organ of Mattie Oakley you will find the defendant not guilty." (33.) "Gentlemen of the jury, if you believe the evidence, you must find the issue for defendant." (30.) "If the jury find the defendant guilty under the second count of the inindictment, it is their duty to fix the punishment at a fine of not less than fifty nor more than five hundred dollars and they may impose a further punishment of six

months imprisonment in the county jail." (31.) "I charge you, gentlemen of the jury, that if any member of the jury has a reasonable doubt as to the guilt of the defendant and any other member of the jury does not have a reasonable doubt as to the guilt of the defendant, it is the duty of the jury not to return a verdict either way."

The defendant was sentenced on conviction to imprisonment in the penitentiary for fifty years, and appeals.

LEITH & SHERER, for appellant, cited *Griffin v. State,* 76 Ala. 29; *Barnett v. State,* 83 Ala. 40; *Scott v. State,* 48 Ala. 420; *Bowden v. State,* 91 Ala. 61; *Smith v. State,* 68 Ala. 424; *Burney v. State,* 87 Ala. 80; *Amos v. State,* 73 Ala. 498; *Hooks v. State,* 98 Ala. 165; *Martha's Case,* 26 Ala. 72; *Harrington's Case,* 36 Ala. 236; Acts, 1900-1, p. 110; Code, § 4317; *O'Byrnes' Case,* 51 Ala. 25.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The motion to quash the indictment was properly overruled.—*Oakley v. The State, ante,* p. 23.

The second count of the indictment, after demurrer interposed, and overruled, was eliminated by the order of the court of *nolle prosequi* entered before trial, which relieved the indictment of its objectionable feature and, of course, rendered the action of the court overruling the demurrer innocuous.—*Williams v. The State,* 130 Ala. 31; *Salm v. The State,* 89 Ala. 56.

Previous to the trial of the issue on the plea of not guilty the issue presented by the plea of former conviction was tried resulting in a verdict in favor of the State. It cannot be doubted that the burden of proof was upon the defendant to prove this plea. This he utterly failed to do and the court corectly gave the affirmative charge in favor of the State.

This brings us to a consideration of the exceptions reserved by the defendant upon the trial under the first count of the indictment upon defendant's plea of not guilty. The objection to the question propounded by the

solicitor to Mattie Oakley, upon whom the rape is alleged to have been committed, "Did you tell what he had done to you to anybody?" should have been sustained. *Bray v. The State,* 131 Ala. 46; *Oakley v. The State, supra.*

The only other exceptions taken to the admission and exclusion of evidence insisted upon in brief of counsel relate to the rulings of the court in admitting certain parts of medical works and allowing a physician to explain to the jury the meaning of the technical terms used in those books. The rulings of the court in respect to these matters were free from error. We have, however, examined all the other exceptions reserved to the admission and exclusion of evidence and find no merit in any of them.

Charges numbered 1 and 11 requested by defendant were properly refused upon the authority of *Bohlman v. The State, infra,* p. 45; 33 So. Rep. 44.

Charges 29 and 26 were evidently framed upon the theory that the offense of rape cannot be committed upon a female under fourteen and over ten years of age. This is not the law and their refusal was proper.—*Vasser v. The State,* 55 Ala. 264.

The second count of the indictment having been eliminated by the order of *nolle prosequi,* charges 25, 27 and 30 were correctly refused.

Under the first count of the indictment the defendant could be convicted of either rape, assault with intent to commit rape, or assault and battery. Charge 28, if given, would have precluded the jury from convicting the defendant of either of the lesser offenses, although they entertained no reasonable doubt of his guilt of the one or the other of them. Its refusal was proper.—*Richardson v. The State,* 54 Ala. 158.

Charge 33 was the general affirmative charge, and, of course, its refusal was proper.

The effect of charge 31 was to instruct the jury, upon the hypothesis stated, to make a mistrial. This is not the duty of the court.

Reversed and remanded.