# Posey *v.* The State.

## *Indictment for Rape.*

1. *Rape; corroborative evidence.*—On a prosecution for rape, it is competent to show, in corroboration of the testimony of the assaulted female, that she made complaint thereof, shortly after the occurrence. But such testimony must be confined to the bare fact of complaint, and details of the occurrence, or the identity of the person accused, are not admissible.

2. *Same; constituents of the offense; force.*—If a woman, upon whom a rape is charged to have been committed, was unconscious at the time, force is necessarily involved in the criminal act itself, if the intent to use force, if necessary to accomplish the act, is shown to exist.

3. *Same; same; sexual intercourse.*—Sexual intercourse is not an essential of the crime of rape under our statute. Actual penetration, without more, committed forcibly and against the consent of the female, is all that is necessary to be proven.

APPEAL from Shelby Circuit Court.

Tried before Hon. A. H. ALSTON.

The defendant was tried and convicted of committing a rape. Any facts necessary are shown by the opinion. In its general charge, the Court directed the jury that "The force need not be actual physical force. It is sufficient if it was a constructive force, such as duress or being put in fear." The defendant excepted to such part of the general charge, and also to the refusal of the Court to give the following written charges requested by him. "(1). The Court charges the jury that there is no evidence in this case which would constitute constructive force, and they must believe from the evidence, beyond reasonable doubt, that the defendant had intercourse with Mary Posey at the time testified by her and that he accomplished such act by physical force, before they can find him guilty, and if you have a reasonable doubt from the evidence as to this fact, you should give the defendant the benefit of said doubt, and find him not guilty."

"(2). The Court charges the jury that it is their duty to acquit the defendant unless they are convinced by the evidence beyond a reasonable doubt and to a moral certainty that the defendant, by physical force, ravished Mary Posey at the time testified to by her." "(3). The Court charges the jury, unless they believe from the evidence that the woman, Mary Posey, resisted the defendant in his attempt to ravish her, that is, if they believe from the evidence he was so attempting, they should find the defendant not guilty. "(4). I charge you gentlemen of the jury, that you and each one of you must be convinced beyond a reasonable doubt, that the defendant had sexual intercourse with Mary Posey, and that said act was committed by force, before you can find defendant guilty, and if, after considering all the evidence, you have reasonable doubt in your minds as to said matter, you shall give the defendant the benefit of said doubt and find him not guilty."

McMILLAN & HAYNES, for appellant.

MASSEY WILSON, Attorney General for the State.

TYSON, J.—In prosecutions for rape it has been frequently decided by this Court that the State may show in corroboration of the testimony of the assaulted female, that she, shortly after the outrage upon her, made complaint of such occurrence to her father or mother, but such testimony is confined to the bare fact of complaint, and details of the occurrence or the identity of the person accused is not admissible.—*Oakley v. State,* 135 Ala. 15; S. C. Ib. 29; *Bray v. State,* 131 Ala. 46 and cases there cited.

This rule was violated in three instances as shown by the record: first, on the direct examination by the State of the girl alleged to have been raped; second, on the examination of her mother; and third, on the examination of her father.

The girl was asked by the solicitor, against the objection of defendant, "When did you first tell anybody what the defendant had done to you?" And was permit-

[Posey v. The State.]

ted to answer, that she told her mother and father the next morning. Both mother and father were permitted to testify against objection that the daughter stated to them that defendant had raped her.

On direct examination the girl testified, among other things, that during a portion of the time while she was being outraged she was unconscious. It was entirely competent on cross-examination of her to test the truthfulness of this statement and, for that matter, to test her recollection and truthfulness as to all othe statements testified to by her.

Her cross-examination seems to have been improperly restricted in this respect. Many other exceptions were reserved to the admission and exclusion of testimony, but only those adverted to above have any merit.

Under the principles declared in *McQuirk v. State*, 84 Ala. 435, in view of the tendency of the testimony of the girl as to her mental condition produced by the sudden attack of defendant upon her, that portion of the general charge of the court to which an exception was reserved correctly stated the law.

So, likewise, written charges 1, 2 and 3 requested by defendant were properly refused.

Written charge numbered 4 was also properly refused. Sexual intercourse is not an essential of the offense, actual penetration without more, committed forcibly and against the consent of the female, is all that is necessary to be proven.—§ 5445 of Code.

Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J., concurring.