# Gaines *v.* The State.

## *Rape.*

(Decided June 9th, 1910.—52 South. 643.)

*Rape; Evidence; Complaints of Prosecutrix.*—In a prosecution for rape the complaints of the female alleged to have been raped is admissible in corroboration of the prosecutrix testimony, especially when part of the res gastae, but such evidence must be limited to the fact that complaints were made, and the details of the complaints are not admissible, even for the purpose of identifying the person accused; hence, the testimony of the sister of the prosecutrix on direct examination that the prosecutrix told her of the defendant's going to bed with her, and ravishing her, and of her resistance, is not admissible, neither the sister nor the prosecutrix having been impeached.

APPEAL from Cleburne Circuit Court.

Heard before Hon. JOHN PELHAM.

Columbus Gaines, alias, etc., was convicted of rape, and appeals. Reversed and remanded.

[Gaines v. The State.]

KNOX, ACKER DIXON & BLACKMON, for appellant, The court erred in permitting the witness to give the details of the complaint made by her sister, the prosecutrix, as to the rape.—*Posey v. The State,* 143 Ala. 54; *Oakley v. The State,* 135 Ala. -5; S. C. 135 Ala. 28; *Bray v. The State,* 131 Ala. 46; *Barnett v. The State,* 83 Ala. 43; *Griffin v. The State,* 76 Ala. 31; *Lacy v. The State,* 45 Ala. 80; *Scott v. The State,* 48 Ala. 420.

ALEXANDER M. GARBER, Attorney General, for the State.

MAYFIELD, J.—Defendant was indicted for rape upon Fannie Turner, who testified that the crime was committed in the house of the defendant, about midnight, when defendant crept into the bed with the prosecutrix and ravished her; that she was sleeping in a bed by herself, but in the same room with defendant and his wife, who was Fannie's sister. Fannie further testified that she fought defendant and cried, and called to her sister, but that her sister did not answer; that defendant remained in bed with her about 10 minutes, and then went back to bed with his wife; that she, Fannie, soon went to sleep, and slept till the next morning, when she got up and went home, which was about a quarter of a mile from defendant's home; that about 10 o'clock that day she told her sister, Ethel, about defendant's ravishing her. The state, over the objections and exceptions of defendant, was allowed to prove by Ethel, on her direct examination, the details of the crime as told to her by Fannie—of the defendant's going to bed with her and ravishing her, and of her fighting him and not consenting to the intercourse. This was clearly reversible error. There was no attempt to impeach the prosecutrix nor the witness Ethel; hence

there was no occasion to corroborate the testimony of either, by such hearsay testimony. It is true that complaints by women and girls of having been ravished are admissible in evidence, especially so when they are a part of the res gestæ; but they are received in corroboration of the testimony of the prosecutrix only as proof of the fact that such complaints were made. The details or particulars of the complaint cannot be shown in the first instance by the state. Minute circumstances of the event are not admissible. Proof by third parties as to complaints by the prosecutrix is limited to the fact of the complaints only. Indeed, the prosecutrix will not be allowed to detail what she has told third parties as to what occurred at the time or place of the crime. Of course, she may testify to such occurrences as independent facts and as a part of the res gestæ, but she will not be permitted to testify as to what she related to third parties concerning the details of the occurrences. In such cases she is not allowed to testify that she told a third person the name of the person who ravished her. It was held error to allow a witness to state that the prosecutrix told witness that the defendant had raped her. It was also held error, by this court, to allow a witness to testify that the prosecutrix told her what the defendant had done to her. Such corroboration can never be extended so as to go into the details of the occurrence—not even so much as to identify the person accused. The following authorities are conclusive upon this proposition: *Posey v. State,* 143 Ala. 54, 38 South. 1019; *Oakley v. State,* 135 Ala. 15, 33 South. 23; *Id.,* 135 Ala. 29, 33 South. 693; *Bray v. State,* 131 Ala. 46, 31 South. 107; *Barnett v. State,* 83 Ala. 43, 3 South. 612; *Griffin v. State,* 76 Ala. 31; *Lacy v. State,* 45 Ala. 80; *Scott v. State,* 48 Ala. 420.

[Hampton v. The State.]

For this error, the judgment of conviction must be reversed and the cause remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and EVANS, JJ., concur.