(122 So. 303)

CURRY v. STATE.   (4 Div. 542.)

Court of Appeals of Alabama.   May 7, 1929.

Sollie & Sollie, of Ozark, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ■ Section 9509 of the Code of 1923 is a statutory direction to the trial court respecting the matter and things therein named, and must be substantially complied with. But it is the duty of an appellant to show by bill of exceptions or otherwise that the court had knowingly violated the section above cited. As in the instant case, there is no exception showing the omission of the court to say, after reading the written charges given at the request of defendant: "These are instructions given you by the court at the request of the defendant, and are correct statements of the law to be taken by you in connection with what has already been said to you." In the absence of some action on the part of appellant bringing the omission to the attention of the lower court and invoking a ruling thereon, this court will assume that the court complied with the statute or that it was waived by defendant.

■■ Refused charges 1, 2, 3, 4, 8, and 9, being affirmative instructions to acquit the defendant, were properly refused. The evidence for the state, if believed beyond a reasonable doubt, was sufficient to go to the jury upon the question of the guilt vel non of the defendant. The facts in this case are not the same as in the Jones Case, 90 Ala. 628, 8 So. 383, 24 Am. St. Rep. 850, and other cases cited in that opinion. The intent to rape is a condition of mind coupled with an effort by physical force to carry out the desire over the physical resistance of the victim. To justify a conviction, the evidence must be sufficient to show such acts and conduct of the accused as that there will be no reasonable doubt of his intention to gratify his lustful desires against the consent of the female and that the act would have been accomplished, but for the physical resistance of the female or by some outside force which caused him to desist. Lewis v. State, 35 Ala. 380. Where there is physical force on the part of the man, in an attack on a woman, coupled with evidence tending to prove an intent to force an intercourse, and a physical resistance on the part of the woman or an outside interference, the whole question is one of fact for the jury. From these facts, the jury may conclude that the defendant is guilty of assault to rape, assault and battery, or that the defendant is not guilty of any charge.

We are of the opinion that the legal principles included in refused charges 5, 6, and 7, were fairly and substantially given in the

general charge of the court, which fairly stated every phase of this case. There is a substantial difference between charges C and 11, held to be good in Brooks v. State, 185 Ala. 1, 64 So. 295, and refused charges 5, 6, and 7 in this case, in that the charges in the Brooks Case are not predicated upon a criminal act, but upon actions incident to almost every sexual relation.

■■ The court cannot be put in error for refusing to permit the jury to make a mistrial; nor was it coercion of the jury by the court for the court to tell the jury that he would not entertain further messages from them that they could not agree. These things must be left to the discretion of the trial court, not to be reviewed except in cases of clear abuse.

■ In a case of this character, the age of the girl alleged to have been assaulted is descriptio personæ, and as such is relevant as evidence. Such evidence is not technically speaking res gestæ, but is admissible to be considered along with the other evidence of the case in explanation of the acts of the parties involved.

■ Questions by the solicitor calling for testimony tending to prove that the girl made complaint of the assault shortly after it occurred were properly allowed, and the answers to these questions were properly admitted in evidence. 11 Michie's Dig. 477, par. 34 (1).

■ It was also relevant and permissible to prove by the girl's father that when she came to him in the field, immediately after the alleged assault, she was crying, and that he found a red stripe around her neck, this in corroboration of the girl's testimony that defendant had choked her. Scott v. State, 48 Ala. 420. In describing this "red streak," witness was properly allowed to say: "It looked like the sign of fingers."

■ The place where the alleged assault occurred having been identified by the girl, it was permissible for the father to testify that he went there and "saws signs there where some scuffling was done." This was a shorthand rendition of the facts. Roberts v. State, 122 Ala. 47, 25 So. 238.

■ The foregoing is the law as decided by the courts, but it is also the law that proof by third parties as to complaints made by prosecutrix is limited to the complaints only. She will not be allowed to detail what she told third parties as to what occurred at the time and place of the crime. She may testify as to the details, but not as to what she related to others. She may not testify that she told a third party the name of the person assaulting her or that a certain person had attempted to rape her. It has also been held error by the Supreme Court to allow a witness to testify that the prosecutrix told witness what the defendant had done to her. Such corroboration must never be extended so as to go into the details of the occurrence, "not even so much as to identify the person accused." Gaines v. State, 167 Ala. 70, 52 So. 643; Taylor v. State, 20 Ala. App. 161, 101 So. 160. The examination of state's witness on this point discloses several errors, necessitating a reversal.

■ What Mrs. Mims, the mother of prosecutrix, did upon being informed by her daughter of the alleged attempt is neither competent nor relevant testimony and the court erred in permitting her to testify as to what she did. The defendant was not present and was not bound by it.

■ It was permissible for the state, in fixing a time, to ask a witness if he remembered the time when prosecutrix had reported that somebody had assaulted her. But it was reversible error for the court to permit this witness to testify that at that time he had heard defendant say: "There was a certain girl in his community that if he ever met on a certain path again he was going to shoot her heart out and have dealings with her while she was dying."

There was no evidence in the case tending to connect the prosecutrix with the remark, if made, and, on account of its character, the admission of this testimony was prejudicial error. Davis v. State, 21 Ala. App. 231, 106 So. 874; Powe v. State, 19 Ala. App. 215, 96 So. 370.

■ It is permissible for an attorney to read, in connection with his argument to the jury, extracts from decisions of this court or the Supreme Court announcing rules of law as applicable to the facts in the case then being tried, but it is not permissible for the attorney to read statements of facts from other cases, that the jury may draw conclusions as to whether they are the same; those are questions particularly within the province of the court. Robinson v. State, 155 Ala. 67, 45 So. 916.

Other questions presented will probably not arise on another trial. For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.