148 So. 876

**DUTTON v. STATE.**

**8 Div. 770.**

Court of Appeals of Alabama.

June 30, 1933.

Lynne & Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendant was indicted on a charge of violating section 3207 of the Code of 1923, in that he did willfully, maliciously, or fraudulently alter page 308 of volume 297, Chattel Mortgage Record of Morgan county, Ala., in that he did write on the said record the words "his X mark" between the words "Walice" and "Haraway" where the same appears on said page in the said record purporting to be the record of the signature of Walice Haraway to a chattel mortgage; the said record being a public record of Morgan county, Ala.

The statute under which this prosecution is brought creates a crime similar and akin to forgery, but there is a marked difference in the two crimes. This statute, Code, § 3207, is designed to protect the records, authorized by law, just as they are recorded, and to guarantee that they will remain unchanged.

It is not necessary to a conviction that the alteration or defacement be fraudulent or that it be malicious. If the change is made intentionally, it would be a violation of the statute.

In a charge of forgery there must be a material change or alteration. In a prosecution under this statute the question is not the materiality of the change, but, Was the record altered, injured, mutilated, or destroyed either in whole or in part intentionally, fraudulently, or maliciously? The point is that the statute is aimed at the preservation of the record as a monument of what has been done. The indictment in this case charges just that, identifies the exact spot on the record, and specifies the change made. The indictment is sufficient as against the demurrer.

The contention of appellant's counsel and authorities cited are based upon the theory that this is a prosecution for forgery

or the fraudulent alteration of an instrument. The authorities cited, therefore, have no application. In compliance with the general rules, an indictment which alleges the elements of the offense as defined by statute is sufficient. 53 Corpus Juris, 653 (99).

The word "willful" as used in the statute here considered means intentional in contradistinction to "accidental" or "involuntarily." It presupposes a wrong and an act governed by the will to do the act. Williams v. State, 83 Ala. 68, 3 So. 743. It is a much stronger word when used in a criminal statute than the word "intentional." Johnson v. State, 61 Ala. 9.

Exception is reserved to the court's explanation of written charge 19 requested by defendant and marked "given by the court." Section 9509 of the Code of 1923, provides for the request for written charges, and, when so moved for, must be given or refused in the terms in which they are written. Parties litigant are entitled to this right, and the court must so pass upon them. But this statute is not to be construed as to hamper trial courts in the due administration of justice. The acts of 1915 (Gen. Acts 1915, p. 815) contained a restriction on trial judges and required them to read the given charges to the jury without comment or explanation. With this restriction in the statute this court held that to cut off all further explanation would hamper trial courts in the administration of justice. Following that decision the Code omits the restriction, and we now hold, in line with our former decisions, that, so long as a trial judge confines his explanation to a proper statement of the law, such explanation will not be cause for reversal. Tennessee, A. & G. R. Co. v. Rossell, 18 Ala. App. 17, 88 So. 362.

In the instant case the explanation given by the trial judge to given charge 19 was justified by the decision in Edwards v. State, 205 Ala. 160, 87 So. 179.

Refused charges 11 and 28, while stating correct propositions of law, are fully covered by the court in its oral charge and by written charges given at the request of defendant.

Charge 31 was marked "refused" and signed by the judge with the notation: "The charge is argumentative and calculated to mislead the jury. It exacts too high a degree of proof." The charge is an exact copy of a charge held to be good and its refusal error by the Supreme Court of Illinois in Marzen v. People, 173 Ill. 43, 50 N. E. 249. The charge is no more an argument than any other, in which are grouped strong expressions of the law bearing on the burden of proof in cases dependent for conviction on circumstantial evidence. Its terms are plain and unambiguous, so that they may be understood by any man of ordinary intelligence. The degree of proof is high, but it should be high. Our law recognizes, and rightfully so, that convictions may rest alone upon circumstantial evidence. But our experience has taught us to know that such convictions should be carefully scrutinized by the judiciary, lest the lay mind which make up our juries may be led into deductions and inferences from proven facts, which may be grounds for suspicion, but which do not rise to that force which impels the mind to a conclusion of guilt beyond a reasonable doubt. In our fallible administration of the criminal law, it is to be regretted that some time and all too frequently the guilty escape punishment, but the conviction of an innocent man is awful to contemplate, and therefore we must preserve every safeguard to persons charged with crime, among which is the oft repeated and emphasized maxim that no conviction must be had except upon evidence which convinces the jury beyond a reasonable doubt. No chain of circumstances which falls below this standard in any of its links will suffice to deprive a defendant of his life or liberty. The foregoing statement of the law on this subject is borne out by the opinions in the following cases: Ex parte Acree, 63 Ala. 234; Pickens v. State, 115 Ala. 42, 22 So. 551; Cannon v. State, 17 Ala. App. 82, 81 So. 860.

Refused charge 32 states the law correctly and should have been given. Everett v. People, 216 Ill. 478, 75 N. E. 188.

Refused charge 33 was an argument, and was properly refused.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.