161 So. 112

## STEWART v. STATE.
### 4 Div. 131.

Court of Appeals of Alabama.
April 16, 1935.

Guy W. Winn, of Clayton, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant, defendant below, was tried and convicted upon an indictment which reads as follows (omitting the formal parts): "The grand jury of said county charge that before the finding of this indictment, that Mack Stewart forcibly ravished Susie Emma Turner, a woman, against the peace and dignity of the State of Alabama."

The alleged injured party, Susie Emma Turner, a negro girl, was at the time of the alleged commission of the offense fourteen years of age, as shown by the undisputed testimony. Her testimony tended to make out the offense as charged, and, in addition, she testified that she made complaint to her mother in a short while after she said the offense had been committed upon her.

The state introduced the girl's father, Leander Turner, as a witness, and in this connection the record shows the following examination was had:

"My name is Leander Turner and I'm the father of Susie Emma. I remember the day when its alleged that Mack Stewart raped her. I was not at home when Susie Emma went to get the cow; I saw her when I came, it was just a little after sun-down when I got there and she was in the house, and I was on the mule, I got to the well after some water and my wife came out there crying and I said, 'What's the matter?' Susie Emma was in the house.

"At this point the solicitor propounded the following question to the witness:

"Q. Well did she make any statement to you about what Mack Stewart had done to her?

"The defendant objected to the above question and for grounds of said objection assigned the following:

"1. Said question is leading and suggestive.

"2. Said question calls for testimony which is illegal, inadmissible, incompetent and irrelevant.

"The court overruled said objection and permitted the witness to answer said question, and to such ruling of the court the defendant duly reserved an exception.

"The witness answered said question as follows:

"A. Yes, sir.

"The defendant objected to the above answer and moved the court to exclude it, together with the question calling for same, and for grounds of said motion assigned the same grounds that were assigned in the objection to said question; the court overruled said objection and motion, whereupon the defendant duly reserved an exception to the ruling of the court.

"The solicitor thereupon propounded the following question to the witness:

"Q. Tell the jury whether or not she said that Mack Stewart had raped her.

"The defendant objected to the above question and for grounds of said objection assigned the same grounds last hereinabove set out, and the court overruled said objection; whereupon the defendant duly reserved an exception to the ruling of the court.

"The witness answered said question, as follows:

"A. Yes, sir.

"The defendant objected to the above answer and moved the court to exclude it, together with the question calling for same, and for grounds of said motion assigned the same grounds that were assigned in the objection to said question; the court overruled said objection and motion, whereupon the defendant duly reserved an exception to the ruling of the court."

It will be noted from the foregoing that it is difficult to tell whether the complaint, above quoted, was made to said witness by the girl in question or by her mother. The girl, herself, testified: "My father's name is Leander Turner; I saw him; I didn't tell him, but Mama told him." In either event, however, the court committed reversible error in allowing the solicitor to propound the question to Leander Turner, "Q. Tell the jury whether or not she said that Mack Stewart had raped her"; and also in allowing, over the objection and exception of defendant, the witness to answer, "Yes, sir."

■ In cases of this character the rule is well settled. In prosecution for rape the state may show in corroboration of the testimony of the assaulted party that she, shortly after the outrage upon her, made complaint of such occurrence to her father or mother. But this rule also provides that such testimony must be confined to the bare fact of complaint and details of the occurrence or the identity of the person accused are not admissible. Bray v. State, 131 Ala. 46, 31 So. 107, and cases cited. See, also, Oakley v. State, 135 Ala. 15, 16, 33 So. 23, 25; Posey v. State, 143 Ala. 54, 38 So. 1019; Gaines v. State, 167 Ala. 70, 52 So. 643. In the Bray Case, supra, the Supreme Court said: "Where, in prosecutions for rape, the woman assaulted has testified to the commission of the offense, the state may, in corroboration of her testimony as to the main fact, prove also that recently after the outrage she made complaint to those to whom complaint of such an occurrence would naturally be made. On direct examination such testimony is confined to the bare fact of complaint, and details of the occurrence, including the identity of the person accused, are not proper subjects of inquiry. In such case the State is not privileged to prove that the woman complained that any particular person assaulted her until after the defendant has brought out particulars of the complaint, or has introduced evidence tending to impeach the witness who testifies to the complaint."

In Oakley's Case, supra, the court said: " 'I will ask you, without going into details, did she tell you he had raped her?' and against defendant's objection the witness was allowed to answer, 'Yes, sir.' The objection to this question, and the objection to the like inquiry addressed to the witness Mamie Oakley, should have been sustained."

Likewise, in the case of Posey v. State, supra, it was said:

" * * * such testimony is confined to the bare fact of complaint, and details of the occurrence or the identity of the person accused is not admissible. * * *

"This rule was violated in three instances, as shown by the record: First, on the direct examination by the state of the girl alleged to have been raped; second, on the examination of her mother; and, third, on the examination of her father.

"The girl was asked by the solicitor, against the objection of defendant, 'When did you first tell anybody what the defendant had done to you?' And was permitted to answer that she told her mother and father the next morning. Both mother and father were permitted to testify, against objection, that the daughter stated to them that defendant had raped her."

Other authorities on this point could be cited, we, however, deem the foregoing to be sufficient to sustain this court in its decision on this question.

■ It was within the province of the court to permit the solicitor to ask leading questions of the witness Susie Emma Turner, hence the numerous exceptions reserved to the court's rulings in this connection are not sustained.

■ The affirmative charge requested by defendant was properly refused under the conflicting evidence in this case.

■ Refused charge 2 should have been given, the defendant being charged with the offense of rape only, the rule announced in the case of Toulet v. State, 100 Ala. 72, 14 So. 403, is applicable here.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.