170 So. 222

## BRADHAM v. STATE.

### 5 Div. 12.

Court of Appeals of Alabama.

June 9, 1936.

Rehearing Denied June 30, 1936.

Jacob A. Walker, of Opelika, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

The indictment consisted of two counts: The first charging the offense of rape, under section 5407 of the Code of 1923; the second charging the offense of having carnal knowledge of girl under 12 years of age, under section 5410 of the said Code.

■ Appellant was convicted under the *second* count of the indictment; this operating as an acquittal of the offense charged under the first. Foxx v. State, 26 Ala.App. 146, 154 So. 912; Alabama Digest, vol. 6, p. 910, Criminal Law ⊕878(3). It was without dispute that the girl in question was only 10 years of age.

■■ While it is true that the offense charged in the second count of the indictment is not the same as that charged in the first (Hull v. State [Ala.Sup.] 167 So. 553,[1] on rehearing), and while it is true that the testimony, and all the testimony, on behalf of the state, which tended to fasten upon appellant the heinous offense here involved, was to the effect that he was guilty of the offense charged in the *first* count of the indictment, yet it is also true that the said testimony was ample to support the verdict returned.

Of course, as argued so ably by appellant's distinguished counsel, if the jury *disbelieved* the testimony which supported the first count of the indictment, there was no basis for their verdict finding appellant guilty under the *second*. But, for all we can say, they may have *believed* in the requisite way this testimony, and, in their province, simply have chosen to ground their verdict on the charge contained in the second count; the same testimony sufficing. It was strictly a jury matter.

■ There seems no doubt but that in a case of this kind testimony as to complaint made, after the commission (alleged) of the offense, by the party upon whom it was committed, is admissible for the purpose of corroborating her testimony. Rountree v. State, 20 Ala.App. 225, 101 So. 325; Buckley v. State, 19 Ala. App. 508, 98 So. 362.

But it is just as clear that testimony as to the "complaint" must be confined to the bare fact that one was made. The "details [of the complaint(s)] are not admissible." Gaines v. State, 167 Ala. 70, 52 So. 643. As stated in the opinion in this Gaines Case: "She [the injured party, or prosecutrix—sometimes called] will not be allowed to detail *what she has told third parties* as to what occurred at the time or place of the crime." (Of course, she may testify to such occurrences as independent facts and as a part of the res gestæ.)

We believe the language used by Bricken, P. J. in the opinion for this court in the case of Thompson v. State, 166 So. 440, 441,[2] to be here pertinent, to wit: "It was not permissible, in the absence of the accused and not within his hearing, for her [prosecutrix] to testify as to her

acts and utterances subsequent to the commission of the crime." This is certainly true as to everything beyond, perhaps, the *bare fact* that complaint was made.

In the instant case testimony was elicited from the injured girl on her direct examination as a state's witness, all over appellant's timely objection, with due· exception reserved in each instance, not only as to her having made "complaint" to her mother and father (which we hold permissible), but as to what her mother did; what her father did; where they went; where she went with them; and other "details" of her actions, her parents' actions, the actions of the officers, etc.— all pointing to the appellant as the guilty party in the gruesome crime that seems undoubtedly to have been committed.

The Attorney General in his excellent brief filed here states: "We respectfully submit that the court was not in error in allowing introduction of the statements *and actions* of the prosecutrix and *her parents* etc. subsequent to the commission of the outrage." (Italics ours.) But we think such *was* error. Curry v. State, 23 Ala.App. 140, 122 So. 303 (twelfth headnote); Bray v. State, 131 Ala. 46, 31 So. 107.

The case was, in the main, well and carefully tried. No other questions apparent will likely arise in their present form upon another trial. They will not here be treated.

But for the error(s) pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.