12 So.2d 404

## ALLFORD v. STATE.

2 Div. 706.

Court of Appeals of Alabama.
Jan. 19, 1943.

Rehearing Denied Feb. 16, 1943.

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.

Thos. H. Boggs, of Linden, for appellant.

SIMPSON, Judge.

The conviction was for rape.

The defendant admitted being in company with the prosecutrix at the time and place alleged by her, but denies any carnal connection with her. He testified that they had a mutually amorous rendezvous at a certain park on the night in question, but that, when the transaction was to be culminated, discovery was made that he was without a contraceptive, so she, becoming angry, jumped from his automobile (about midnight, in February, in the rain, four miles from home) and left him.

She was picked up by a passing automobile and carried home, in a greatly disheveled condition.

■ The State's' evidence, on the contrary, supported the contention of the prosecutrix that she was forcibly ravished by the defendant after struggling with him for a considerable period of time. The clothes she wore—of course admissible, as they had a tendency to illustrate what she claimed occurred, Moore v. State, Ala.App., 9 So.2d 146, 150,[1]—strongly corroborated her contention. They were muddy, generally disheveled, some articles were torn, and one contained blood stains.

■ In view of the conflict in evidence, the conviction was authorized. Gilbert v. State, 28 Ala.App. 206, 180 So. 306.

We have carefully studied the entire case in connection with the briefs of able counsel and are impressed that the record presents no reversible error. There were no rulings on the evidence at nisi prius which were prejudicial to any substantial right of the defendant. The trial court gave all requested charges of the defendant except the general affirmative ones, and those exceptions taken to the general oral charge of the court were without merit. We, therefore must and do hold that the judgment of conviction be affirmed.

■ It was competent to give evidence of the physical and mental condition and the demeanor of the prosecutrix, after the alleged occurrence, and whether she appeared to be nervous, as, also, was it permissible for Dr. Dunning to recount the' bruises appearing on her body when he examined' her about five days afterward. 52 C.J. 1072, § 97; Underhill's Criminal Ev., 4th Ed., p. 1262, § 671.

The prosecutrix was permitted to and did answer in the affirmative to the following question, propounded to her by the solicitor during the original presentation of. the State's case, "You made complaint to your brother about this defendant in this case?" Appellant urges that this was reversible error.

■ It has been held, as pointed out by learned counsel, that evidence of a complaint to others made by the victim after the assault must be limited to the "bare fact of complaint, and details of the occurrence or the identity of the person accused is not admissible." Posey v. State, 143 Ala. 54, 38 So. 1019. In observance of this rule, our courts have held that it is reversible error to permit the State (over seasonable objection and exception) to prove, as original evidence, that the prosecutrix named the defendant as the guilty person. Posey, supra; Bray v. State, 131 Ala. 46, 31 So. 107; Gaines v. State, 167 Ala. 70, 52 So. 643; Curry v. State, 23 Ala.App. 140, 122 So. 303; Bradham v. State, 27 Ala.App. 225, 170 So. 222; Stewart v. State, 26 Ala.App. 392, 161 So. 112. See, also, 52 C.J. 1065, § 91; Underhill, supra, p. 1255, § 667; Chamberlayne, Trial Evidence (Tompkins), p. 798, § 843; 2nd Wigmore on Evidence, Vol. 2, §§ 1134 et seq., pp. 654 et seq. But see Weems v. State, 224 Ala. 524, 528, 141 So. 215 (syl. 10) and Thompson v. State, 27 Ala.App. 104, 106, 166 So. 440 (syl. 4).

■ The present record, however, clearly discloses that the defendant was ·in no way prejudiced by the answer of the prosecutrix to the foregoing question ("You made complaint to your brother about this defendant in this case?"), for the reason that the fact (that in making complaint to

---

1 30 Ala.App. 552.

him she had accused the defendant) was already in the evidence, without exception, where Homer Smith, her brother, in (properly) testifying for the State that she had made immediate complaint to him of having been ravished, volunteered the (unauthorized) testimony that she had "named (as the perpetrator) the defendant, Mr. James Allford." Had defendant regarded this voluntary remark of the witness, Homer Smith, as prejudicial and desired it stricken from the evidence, seasonable motion to exclude the same should have been made in order to invoke a ruling of the court. He made none, so this proof was already in evidence, and to allow the prosecutrix to later testify similarly was—if error at all—without injury, and under the rule now prevailing (Supreme Court Rule 45, Code 1940, Tit. 7, Appendix) the contention for reversal on this point is not well taken.

■ Furthermore, while indulging due respect to the former decisions on this question, we deem it not amiss to remark that, in a case as this, where there was no dispute about the identity of the accused and it was uncontroverted that he and he alone was her sole companion at the time and place alleged, we fail to perceive the prejudicial character of evidence to the effect that in making seasonable complaint of having been raped the prosecutrix named the defendant on trial as her assailant. As observed by Mr. Chief Justice Gardner in Mosley v. State, 241 Ala. 132, 135, 1 So.2d 593, 594, the "defendant's record must not only show error, but that such error probably injuriously affected some substantial right."

Consonant with the foregoing rule—and observing no possible prejudice to the defendant in the allowance of such proof—we think the legal procedure should be relieved of this excrescence of the common law in such a case. To hold otherwise, it seems to us, would be to refine a technical error into a piece of legalistic legerdemain having the effect of rendering purposeless and ineffectual Rule 45.

This comment is for such consideration as our Supreme Court might wish to tender the question.

A school census report, when properly identified, has been held to be admissible in evidence when relevant and material to an issue in the case. Love v. State, 23 Ala. App. 363, 125 So. 685.

■ But to impeach the prosecutrix's testimony that she was twenty-three years of age by introducing the school census report, which showed her age as twenty-four, would have been immaterial. Under the settled rule that a witness may not be impeached as to an immaterial matter, there was no error in the exclusion from evidence of a certified copy of said report.

■ Nor was there error in declining to permit the deputy sheriff to testify that the brother of prosecutrix first "swore out a warrant" for an assault with intent to ravish. This would in no way impeach the testimony of the complainant nor that given by any other witness in the case.

■ It is insisted that the prescriptions of Section 273, Title 7, Code 1940, were violated by certain explanatory remarks of the presiding judge in connection with the giving of certain written charges requested by the defendant. Appellant contends that these remarks tended to qualify, limit or modify the charges, which may not be done. Bailum v. State, 17 Ala.App. 679, 88 So. 200.

After a careful study of each written charge (given) in connection with the court's comments upon them, we have concluded that the rule was not transgressed. The remarks were but explanations, not qualifications, and were confined to proper statements of the law. This was permissible. Dutton v. State, 25 Ala.App. 472, 148 So. 876; Tennessee, A. & G. Ry. Co. v. Rossell, 18 Ala.App. 17, 88 So. 362; Callaway & Truitt v. Gay, 143 Ala. 524, 39 So. 277; Walker v. State, 204 Ala. 474, 85 So. 787.

■ The opening remarks of the trial judge, where he commended the severity of the old-time common law punishment for rape, were not excepted to by appellant. Of course, the propriety of these remarks is not presented for review, nor is a review permissible. General exceptions to the oral charge do not suffice. The rule is thus stated by our Supreme Court: "If exception is desired to be reserved to a part of the oral charge of the court to the jury, it must be taken and reserved to the particular language the exceptor conceives to be erroneous." Bean v. Stephens, 208 Ala. 197, 198, 94 So. 173, 175. Pollard v. Rogers, 234 Ala. 92, 96(6), 173 So. 881; J. R. Watkins & Co. v. Goggans, 242 Ala. 222, 5 So.2d 472. This rule not having been followed, this court is without prerogative to deal with the referred to portion of said charge of the court.

The motion for a new trial presented nothing new, and in the light of the well known presumption to be accorded the correctness of the ruling below on such motions, that ruling must be here sustained.

We have tendered careful study (en banc) to the entire case, with special consideration given to the several points urged by learned and diligent counsel for appellant. We are, however, impressed that no error prejudicial to any substantial right of the defendant is shown to have been made. It is our duty, therefore, to affirm the judgment. So ordered.

Affirmed.

Wm. N. McQueen, Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.