29 So.2d 353

**NEWTON v. STATE.**

**8 Div. 525.**

Court of Appeals of Alabama.

Feb. 25, 1947.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was tried and convicted under an indictment charging incest. Title 14, Section 325, Code 1940.

All necessary elements of proof appear without controversy in the evidence, with the exception of the alleged act of sexual intercourse.

The prosecutrix at the time of the charged offense was sixteen years of age. The accused is her father. The former testified that her father had sexual relations with her on three different occasions during the day in question. The appellant denied the accusation as to each claimed occurrence.

It is insisted that the general affirmative charge was due the defendant because the

testimony of the daughter was not sufficiently corroborated.

■ Our courts are committed to the rule that Title 15, Section 307, Code 1940, has application in cases based on the offense of incest. Brown v. State, 21 Ala. App. 371, 108 So. 625. However, two exceptions are recognized: (1) When the prosecutrix is under the age of consent. Kelley v. State, Ala.App., 26 So.2d 633;[1] Duncan v. State, 20 Ala.App. 209, 101 So. 472. (2) When the act of sexual intercourse is accomplished or induced under the coercion of force or fear. Smith v. State, 108 Ala. 1, 19 So. 306, 54 Am.St. Rep. 140; Denton v. State, 17 Ala.App. 309, 85 So. 41; 42 C.J.S., Incest, § 17(a), p. 516.

■ In the case at bar the young lady testified that her father threatened to whip her with a leather rein if she did not accede to his demands. We conclude, therefore, that this evidence made inapt the general affirmative charge and also justified the refusal of written charge No. 1.

We do not wish to be understood as holding that there were not other circumstances disclosed that would sufficiently corroborate the testimony of the prosecutrix. The view we entertain, as indicated above, makes this determination unnecessary.

■ The young lady testified that the appellant, under circumstances which we have stated, forced her to have sexual intercourse with him twice in the forenoon and once in the afternoon of the same day. When she had ended her direct examination and before the cross examination had extended to an enquiry as to the facts of either of the three occurrences, counsel for appellant moved the court to require the State to then elect or declare upon which of the acts reliance would be had for a conviction. The motion was denied, and we think correctly so. Allison v. State, 1 Ala.App. 206, 55 So. 453; Harrison v. State, 235 Ala. 1, 178 So. 458.

On cross examination of the prosecutrix, in answer to the question, "Is your feeling toward your father good or bad?" she answered, "Bad." She stated also that this feeling had existed for about a year. Counsel for appellant sought to examine her further touching her bias against her father by inquiring whether or not she had "played hookey from school" and if her father did not whip her for this delinquency. Efforts were made to establish this proof by other members of defendant's household and also by the accused himself, when these persons were giving their testimony on the trial. The lower court sustained the State's objection to these questions. The trial court indicated the reason for his rulings by stating that the witness had already admitted and declared that her feelings were bad and that this admission should preclude and foreclose any further inquiry into the matter. Did this confessed declaration close the door against additional cross examination in an effort to search out the extent or cause of the ill will or bias?

We encounter considerable confusion among the authorities when we try to find a correct answer to this question. This is made evident and apparent by a review of the decisions and particularly by what is written in Allen v. Fincher, 187 Ala. 599, 65 So. 946. Chief Justice Gardner, writing for the Supreme Court in Louisville & N. R. Co. et al. v. Martin, 240 Ala. 124, 198 So. 141, devoted lengthy discussion to this inquiry. Applying the logic and good reason found in this late opinion, we can with assurance make two observations: (1) That the formality of first inquiring whether or not the feeling of the witness is good or bad is not required. (2) That in all cases an admission of bias or ill will does not close the door to further cross examination in an effort to show by material and probative evidence the extent or cause of the bias.

■ Then, of course, we have the rule which is applicable to all criminal cases, that on appeal a reversal will not be charged on grounds of improper admission or rejection of evidence unless in the opinion of the appellate court, after an examination of the entire evidence, it appears that the errors complained of have probably injuriously affected the substantial rights of the appellant.

---

[1] Ante, p. 408.

It goes without saying that some collateral circumstances tending to show bias or ill will may rise to a very high degree of significance and implication. On the other hand, the contrary may appear, and the proffered testimony may be of a character that is not indicative of or responsive to hostility. Again, it may be merely accumulative, and after a fair consideration of the entire record the appellate court may conclude that no harm inured to the accused by its disallowance.

■ With these principles in mind, we turn our attention to the case at. bar. On cross examination of a sister of the prosecutrix, appellant's counsel established in the evidence that the father was very unkind to his children; that he whipped them often; that he would not allow witness and prosecutrix "to go places" with their brothers. In view of the unequivocal and frank admission of the daughter that her feelings toward her father were bad, and the other evidence in the case, we cannot charge error to the disallowance of proof that on one occasion the appellant whipped the prosecutrix because she stayed away from school.

■ Over timely objections of appellant's counsel, the trial court permitted the solicitor to ask the sister of the prosecutrix the following question: "Did your sister, that same day, while you were at the house, when you went to get a drink of water, complain to you about something her father had done?" To which the affirmative answer was given.

Mrs. Glass, a neighbor, was allowed, over appellant's objection, to answer each of these questions. "Did she complain to you on that day about her father having relations with her the day before", and "Did she on that occasion, the next morning, then show you some pants she had on the day before when her father is said—when she said—her father had relations with her?" Mrs. Glass answered, "Yes, sir," to each of these questions.

———◆———

Unquestionably, the rule permitted the State to show that the prosecutrix made complaint to her sister and to her neighbor, but when the assertions beyond the bare fact of complaint were allowed to be proven the rule appertaining was violated. This prohibition includes any details of the alleged occurrence and any identity of the person accused. ·

In the early case of Barnett v. State, 83 Ala. 40, 3 So. 612, 614, we find:

"When the complaint does not constitute a part of the res gestæ, but is received only in corroboration of the prosecutrix's testimony, the general rule is that the details or particulars cannot be introduced, in the first instance, by the state. This would exclude any statement made in the complaint pointing out the identity of the person accused, or explaining the injuries claimed to have been received during the alleged perpetration of the crime, or otherwise giving the minute circumstances of the event."

This pronounced guide has not been changed through the years of judicial history in this State. The statement ·of the rule is clear and unambiguous. It finds support in the following authorities and many others we could cite. 52 C.J. Section 91, p. 1065; Underhill's Criminal Ev., 4th Ed., Section 671, p. 1262; 2nd Wigmore on Evidence, Vol. 2, Sections 1134 et seq., pp. 654 et seq.; Bray v. State, 131 Ala. 46, 31 So. 107; Oakley v. State, 135 Ala. 15, 33 So. 23; Posey v. State, 143 Ala. 54, 38 So. 1019; Green v. State, 19 Ala.App. 239, 96 So. 651; Bradham v. State, 27 Ala.App. 225, 170 So. 222; Stewart v. State, 26 Ala. App. 392, 161 So. 112; Curry v. State, 23 Ala.App. 140, 122 So. 303; Lee v. State, 246 Ala. 69, 18 So.2d 706.

An examination of the authorities just above will reveal that some of them are strikingly analogous to the question of instant concern.

We have omitted to respond to some presented matters of record, which in our view do not merit a discussion.

For error indicated, the judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.