36 So.2d 251

### NEWTON v. STATE.
### 8 Div. 617.

Court of Appeals of Alabama.
June 29, 1948.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This is the second appeal in this case. Newton v. State, 32 Ala.App. 640, 29 So. 2d 353. On the former appeal this court reversed and remanded the case, because

upon said former trial error prevailed by the court in permitting the State to introduce evidence of the details of the complaint made by the prosecutrix to a State witness. No such error was committed on the trial of this case.

The indictment, proper in form and substance, charged the defendant with incest, in that he did have sexual intercourse with Mary Evelyn Newton, his own daughter.

In answer to said indictment the defendant interposed his plea of "not guilty," and relied upon an alibi contending that at the time and place of the alleged commission of the offense, he was at another place, stating in this connection where he was and what he was doing, etc. Under this status, no question of the consent of his daughter to the act complained of is involved in this case.

The statement of facts contained in the brief of the Attorney General appears to be borne out by the record and as stated is as follows:

"This is a case in which the defendant, charged with incest, seeks to establish as his defense an alibi, stating that he was not present, nor did he have any connection with, any offense perpetrated upon the complaining witness, his daughter.

"The evidence introduced by the State tends to show that the prosecutrix, Mary Evelyn Newton, daughter of appellant, lived with her father, the defendant, her stepmother, and other members of the family upon a farm in Lauderdale County, Alabama. The age of the prosecutrix is in dispute, it being contended by the State, and testified to by prosecutrix and other members of her family, that at the date of the commission of this alleged offense, prosecutrix was fifteen years of age, while appellant contends that upon the date of the commission of the alleged offense, the prosecutrix was, in fact, sixteen years of age. The evidence shows that on or about June 12, 1945, the stepmother and her son left home to visit another member of the stepmother's family in a nearby community; that the appellant, father of the prosecutrix, directed all the other children to do certain chores on the farm and sent them from the house; that when only the

prosecutrix and her father remained in the house, her father called to her to come upstairs; that she refused to do so and that her father threatened to beat her with a lead rein; that upon his insistence and threats, she went upstairs in the home where her father proposed to have illicit relations with her; that upon her refusal, after certain promises, he further threatened her and that she then submitted to his desires and engaged in sexual intercourse with him; that twice more upon this same day, while all other members of the family were away from the house, the defendant forced her to submit to him; that upon the return to the house of the other children, she made complaint to her younger sister, Betty, of the acts of her father, and that upon the following day, she made complaint to her stepmother, and to a neighbor, Mrs. Warren Glass. The record further discloses that shortly thereafter, the prosecutrix was taken into custody of the Welfare Department of the County and that complaint was made against this appellant for this offense.

"The appellant insists that he is not guilty of any assault upon his daughter and testifies that upon the day in question he did not remain at the house with her but worked in and around the farm with other members of the family. This is refuted by the witnesses for the State. Appellant likewise attempts to infer that he is being falsely accused by the prosecutrix and other members of his family due to the fact that he forced them to go to school and punished them severely when they did not.

"There is likewise introduced into evidence testimony relative to three letters written by appellant to his son, Frank Newton, while appellant was in jail, seeking to induce Frank Newton to testify falsely at the trial. Testimony as to such letters was admitted into evidence over objection of the appellant."

The controverted question as to the age of the daughter appears to be wholly immaterial, and as the State's evidence tends to show that the crime was committed under duress and refutes conclusively that the unfortunate daughter was an accom-

623

plice; to the contrary, it tends to show she was but the victim of her father's lust.

In the former opinion of this court, supra, practically every point of insistence was fully discussed, and with the noted exception, were decided adversely to the defendant. There appears no material difference in the case at bar, and the facts, circumstances and points of decision upon the former trial, all of which we hereby again approve and adopt as a part of the instant case, we therefore see no necessity to discuss and decide again the same questions that were presented in the case upon the former adjudication by this court. This case here, as then, presents questions of fact for the jury to consider and determine. In this connection we are clearly of the opinion that the evidence was ample in every way to support the verdict of the jury, and to sustain the judgment of conviction pronounced and entered.

Affirmed.